Sanjay Sethi, Esq.
Sethi & Mazaheri, LLC.
344 Grove Street, #111
Jersey City, NJ 07302
Telephone: (646) 405-9846
Fax: (201) 595-0957
E-mail: sethi@sethimaz.com
Bar #: 1009588

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALIREZA SEFIDPOUR**<br>2, 30th Street, Saadat Abad<br>Tehran, Iran<br><br>Plaintiff,<br><br>v.<br><br>**KRISTI NOEM,** *in her official capacity as Secretary, U.S. Department of Homeland Security*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**KIKA SCOTT,** *in her official capacity as Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**JOHN M. ALLEN,** *in his official capacity as Deputy Associate Director of Adjudications, Service Center Operations Directorate, USCIS, U.S. Citizenship and Immigration Services*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**PAM BONDI,** *in her official capacity as Attorney General of the United States*, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001<br><br>Defendants. | **CIVIL ACTION NO.**<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF MANDAMUS** |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF MANDAMUS

Plaintiff Alireza Sefidpour ("Plaintiff" or "Mr. Sefidpour"), through undersigned counsel, alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff Alireza Sefidpour, an individual of exceptional ability who has made significant contributions in the field of business, particularly as it pertains to financial technology and innovative banking solutions. Plaintiff filed for an I-140 Petition for Alien Worker with a National Interest Waiver ("I-140 EB-2/NIW petition") on July 1, 2024. Without conducting the appropriate analysis, United States Citizenship and Immigration Services ("USCIS") denied his petition on January 16, 2025.

2. Plaintiff is a seasoned expert in the field of Financial Technology ("FinTech") with more than 24 years of experience in developing and implementing cutting-edge digital banking solutions within the banking and financial industry of his home country. His pioneering achievements include the design and implementation of the SAYAD System, Iran's first unified AI-based electronic checkbook issuance system, which became mandatory nationwide through the *New Banking Check Act* of 2018 and processed over 10 million checks in its first five months, significantly reducing fraud and streamlining financial transactions for tens of millions of users. Additionally, Plaintiff introduced Buy Now, Pay Later ("BNPL") technology for the first time in Iran, revolutionizing consumer finance by facilitating over $55 million in micro-credit loans by 2022 and enhancing financial inclusion for millions. These national-scale projects underscore Plaintiff's exceptional ability to leverage advanced technologies, such as AI and blockchain, to drive transformative change in the financial sector.

2

3. On September 11, 2024, Plaintiff filed an I-140 EB-2/NIW petition with USCIS, seeking classification as an alien of exceptional ability in the field of FinTech Innovation and Artificial Intelligence ("AI")-Driven Banking Solutions.

4. Despite submitting extensive evidence of his qualifications and the national importance of his work, USCIS denied Plaintiff's petition on January 21, 2025. In denying the I-140 petition, Defendant USCIS determined that Plaintiff failed to establish eligibility for a national interest waiver under the standard established in *Matter of Dhanasar,* 26 I&N Dec. 884 (AAO 2016).

5. Defendant USCIS' denial is arbitrary, capricious, and fundamentally contradictory to the substantial evidence presented. The agency's decision is riddled with inconsistencies, including acknowledging Plaintiff's advanced degree qualification while simultaneously dismissing critical evidence without reasoned analysis. Most egregiously, in addressing Plaintiff's proposed endeavor's national importance, Defendants improperly focused on his past employment rather than the prospective impact of his proposed venture, directly contravening the standard established in Matter of Dhanasar. Furthermore, despite the submission of over 1,000 pages of documentary evidence across the initial petition and RFE response, USCIS repeatedly dismissed this evidence through generic and conclusory statements without engaging in the substantive evaluation required by law.

6. Additionally, Defendant USCIS' review failed to consider the broader implications of Plaintiff's work, which has the potential to significantly enhance the U.S. economic and technological landscape. Plaintiff's proposed endeavor—a U.S.-based startup developing an AI-driven decentralized payment network for underserved communities—directly aligns with several national priorities in financial inclusion and AI innovation. His

3

successful implementation of similar systems in Iran, such as the SAYAD System and BNPL technology, demonstrates a proven model for replication in the United States, addressing critical issues like unemployment and financial and economic disparities. Defendants dismissal of this evidence, including expert testimonials from industry leaders and letters of intent from Silicon Valley venture capital firms, reflects a failure to properly evaluate the record under *Matter of Dhanasar* standard.

7. This action is brought against the Defendants for declaratory judgment, injunctive relief, and review of an agency action under the Administrative Procedure Act ("APA") based on Defendants' unlawful, arbitrary, and *ultra vires* denial of Plaintiff's I-140 EB-2/NIW petition, which sought to classify him as an a "professional holding an advanced degree" or "an alien with exceptional ability" in the field of business.

## II.   STATEMENT OF FACTS

8. Plaintiff filed an I-140 Immigrant Petition on July 1, 2024 [USCIS Receipt Number: IOE0926558478] with the United States Citizenship and Immigration Services ("USCIS") Texas Service Center ("TSC") seeking an immigrant visa under the employment-based second preference category ("EB-2") of the Immigration and Nationality Act ("INA") on the basis of him being a member of the professions holding an advanced degree or an alien of exceptional ability in the field of FinTech Innovation and AI-Driven Banking Solutions. In order to demonstrate eligibility for the immigrant visa, the petition must be accompanied by evidence showing that the alien is a professional holding an advanced degree or an alien of exceptional ability in the sciences, the arts, or business satisfying at least three of six qualifying criteria outlined in 8 CFR § 204.5(k)(3).

4

9. In addition, Plaintiff applied for a waiver of the requirement to obtain a labor certification, available to applicants whose professional field is in the "national interest" of the United States as outlined in 8 CFR § 204.5(k)(4)(ii) and *Matter of Dhanasar*.

10. Plaintiff submitted over 770 pages of documentary evidence establishing his eligibility for the employment-based second preference category ("EB-2") with a waiver of the labor certification.

11. Plaintiff's initial submission included evidence that he is professional holding an advanced degree, and that he is an alien of exceptional ability in his field, such as:

   a. Advanced degrees, including a Doctorate's Degree in Business Administration, a Master's Degree in Business Administration, and a Bachelor's Degree in Electrical Engineering;

   b. Documentation of his over 20 years of full-time employment in numerous leadership roles at Eghtesad Novin Bank (EN Bank), where Plaintiff led the implementation of Iran's first mobile and internet banking platforms; at Novin Kish ISC, where Plaintiff implemented the SAYAD System for the Central Bank of Iran; and at Digipay, where Plaintiff pioneered the first BNPL solution in Iran, promoting financial inclusion and accessible credit for millions;

   c. Extensive documentation of his record of success;

   d. Expert testimonial letters from prominent industry professionals and academics attesting to Plaintiff's exceptional abilities and significant contributions to the field;

  e. Evidence of Plaintiff's scholarly articles published in the academic journals and conference proceedings of the Institute of Electrical and Electronics Engineers (IEEE);

  f. Media coverage and exclusive interviews featuring Plaintiff's work in major industry publications; and

  g. A comprehensive business plan detailing Plaintiff's proposed endeavor to establish a startup company in the United States focused on developing an AI-Based decentralized payment network for underserved communities.

12. In response to Plaintiff's submission, Defendant USCIS issued a Request for Evidence ("RFE") on August 28, 2024.

13. Though Plaintiff provided substantial documentation in the initial submission to establish his eligibility under both sub-categories for the second preference visa (Advanced Degree professional and Exceptional Ability alien), the Director only examined Plaintiff's eligibility under the Advanced Degree category, completely disregarding evidence demonstrating that Plaintiff satisfied five of the six regulatory criteria for Exceptional Ability classification.

14. Perhaps most egregiously, Defendant USCIS acknowledged in the RFE that "[it] *appears* the petitioner meets the requested classification," but nonetheless required submission of "a detailed advisory evaluation of the beneficiary's credentials" to determine the U.S. equivalency of Plaintiff's foreign degrees—despite the petition containing clear evidence of Plaintiff's Doctorate and Master's degrees from prestigious French universities. This omission represents a significant procedural error, as Defendant USCIS is obligated to evaluate all bases of eligibility presented in the petition. By failing to assess Plaintiff's

6

qualifications under the Exceptional Ability sub-category, despite the extensive evidence provided, USCIS deprived Plaintiff of a full and fair evaluation of his petition.

15. Furthermore, Defendant USCIS asserted that Plaintiff failed to establish that his petition merits the granting of a national interest waiver (NIW).

16. While Defendant acknowledged the "substantial merit" of Plaintiff's proposed endeavor, USCIS erroneously concluded that the endeavor lacked "national importance" by misapplying the *Matter of Dhanasar* framework, which emphasizes the prospective national importance of the petitioner's specific proposed endeavor. Yet the Defendant's assessment was improperly fixated on Plaintiff's past employment history. It dismissed the forward-looking impact of his proposed AI-based decentralized payment network, claiming "[Plaintiff's] past record and the potential prospective impact of the proposed endeavor point to a single impact with an employer" and "the impact of his work appears to have been limited to the companies in which he has worked for."

17. This carelessly–drawn conclusion ignored substantial evidence of national-scale projects in Iran—which positively impacted lives of tens of millions—and his proposed endeavor's alignment with U.S. priorities in AI innovation and financial inclusion, demonstrating a clear misinterpretation of the legal standard.

18. The generic nature of the RFE issued by Defendant USCIS makes it clear that a meaningful analysis of the evidence and Plaintiff's eligibility was never conducted. Defendant USCIS compounded its deficiencies in the RFE with vague and overbroad assertions, such as requesting "evidence to establish that the beneficiary's proposed endeavor has national importance" without specifying which aspects of the initial submission were deemed insufficient. The agency's assertion ignores compelling evidence regarding the

7

national importance of Plaintiff's proposed business venture, particularly as it relates to the success he has achieved in pioneering innovations in the financial and banking industry in Iran, which directly enhanced lives of millions of individuals, and resulted in a mandatory national electronic check issuance system in Iran through parliamentary legislation.

19. One prominent example of USCIS' flawed analysis can be seen in their analysis of whether Plaintiff is well-positioned to advance the proposed endeavor. Defendant asserted that "academic accomplishments by themselves are insufficient," despite the petition containing extensive evidence beyond academic credentials, including Plaintiff's two decades of professional achievements implementing nationwide financial technology solutions.

20. Moreover, the agency repeatedly disregarded letters provided by experts in the field attesting to Plaintiff's significant achievements, dismissively stating that they "provide insight into the qualifications and capabilities of the petitioner in his career field" but "fall short of demonstrating how the petitioner's proposed endeavor is of national importance." Defendant USCIS' position goes against established agency policy which provides that the letters themselves may serve as significant recognition of a beneficiary's achievement in the field, as determined by the statutory language of the federal regulation. 8 CFR § 204.5(k)(3)(ii).

21. In response to the RFE, Plaintiff submitted a comprehensive evidentiary packet of over 275 pages addressing the areas of insufficiency outlined by Defendant USCIS, which was received by the Texas Service Center on November 25, 2024. Plaintiff's response to the RFE discussed in detail the shortcomings in Defendant's analysis of the evidence for each of the eligibility criteria and provided supplementary evidence to address the purported deficiencies of the initial submission, including an official academic evaluation report from

International Education Evaluations (IEE), a NACES-certified credential evaluation service, confirming his Doctorate and Master's degrees as equivalent to U.S. Doctorate of Business Administration and Master of Business Administration degrees, respectively.

22. Plaintiff's response to the RFE also included a detailed business plan and comprehensive technology architecture document for his proposed endeavor of establishing a venture for developing an AI-based decentralized payment network for underserved communities in the United States, which outlined specific strategies for implementing the platform and creating 50-100 new jobs for U.S. workers within five years.

23. Moreover, in response to the RFE, Plaintiff submitted letters of intent from prominent venture capital firms in Silicon Valley, who expressed their interest in investing in Plaintiff's proposed venture in the United States. These letters clearly affirmed Plaintiff's qualification to establish his proposed endeavor, as he passed the rigorous due diligence processes of veteran Silicon Valley investors who specifically noted the commercial viability of his AI-driven payment solution in promoting financial inclusion.

24. Additionally, the response clarified how the endeavor aligns with U.S. priorities in AI innovation and financial inclusion, directly rebutting the RFE's vague and misapplied demands. This timely and comprehensive submission fully complied with Defendant USCIS' procedural requirements, leaving no reasonable basis for further deficiency claims.

25. On January 16, 2025, Defendant Texas Service Center denied the Plaintiff's EB-2/NIW I-140 petition. In this notice, Defendants determined that Mr. Sefidpour is a member of a profession holding an advanced degree, as defined under 8 CFR § 204.5(K)(1), and as such, his eligibility for second preference classification pursuant to § 203(b)(2)(A) of

9

the INA, was established. However, Defendant USCIS denied Plaintiff's eligibility for a national interest waiver, asserting that he failed to meet the three-prong test established in *Matter of Dhanasar*, 26 I&N Dec. 884 (AAO 2016).

26.     While Defendant USCIS conceded that Plaintiff's proposed endeavor of establishing a venture for developing an AI-based decentralized payment network for underserved communities in the United States had "substantial merit," the denial concluded that Plaintiff had not established the "national importance" of his proposed endeavor and misapplied the legal standard for "national importance" by improperly focusing on Plaintiff's past employment rather than the proposed endeavor's potential prospective impact. Defendants arbitrarily repeated their assertion in the RFE stating that "the petitioner's past record and the potential prospective impact of the proposed endeavor point to a single impact with an employer" without providing any reasoned analysis of the comprehensive evidence demonstrating the nationwide scope of the proposed endeavor.

27.     The denial notice's assessment of national importance is fundamentally flawed, relying on a superficial and generic evaluation of the evidence. Defendants conclusion overlooks the detailed business plan, technological architecture document, and supporting articles submitted by Plaintiff, which outline the endeavor's potential to address financial inclusion—a recognized national priority—without providing a reasoned basis for rejecting their specificity or scale. Defendants reached this conclusion despite overwhelming evidence in the record demonstrating that Plaintiff's past work had national-scale impact in Iran, including implementation of the SAYAD System which led to national banking legislation and processed over 10 million transactions in its first five months, and despite Plaintiff's detailed business plan and letters of intent from Silicon Valley investors

10

specifically addressing the national importance of his proposed endeavor to enhance financial inclusion for millions of underserved Americans.

28. Furthermore, the denial notice's review demonstrates a careless and boilerplate approach, failing to engage meaningfully with Plaintiff's evidence. For instance, Defendant USCIS ignored letters of intent from prominent Silicon Valley venture capital firms, which confirmed the endeavor's viability and potential economic impact through due diligence, as well as a business plan projecting job creation and revenue growth. Instead, the denial vaguely asserts a lack of "substantial positive economic effects" or "significant potential to employ U.S. workers," offering no substantive critique of the evidence presented. Defendant USCIS dismissed these as insufficient without explanation, neglecting their relevance to national initiatives such as the Department of Treasury's financial inclusion strategy and Executive Order 14110 on AI development.

29. Perhaps most egregiously, the denial notice fails to address the second prong of *Dhanasar*—whether Plaintiff is well-positioned to advance the endeavor—beyond a fleeting, conclusory remark.

30. This failure to evaluate the second prong is particularly egregious given the substantial evidence Plaintiff provided demonstrating his exceptional qualifications to execute the proposed endeavor, including his successful implementation of nationwide financial technology systems that served millions of users, award-winning innovations that influenced national legislation, and explicit support from industry leaders and Silicon Valley venture capitalists who validated his technical expertise and business model. Yet Defendant USCIS sidestepped any meaningful analysis of this prong, claiming the failure of the first

11

prong rendered further review unnecessary. This omission denies Plaintiff a complete and fair evaluation under the required legal standard.

31. Collectively, these deficiencies—the generic dismissal of evidence, contradictory reasoning, and refusal to assess the second prong—demonstrate an arbitrary and capricious adjudication. Defendant USCIS' failure to grapple with the specifics of Plaintiff's endeavor, such as its projected economic contributions and alignment with national goals, coupled with its cursory treatment of his qualifications, reflects an arbitrary and capricious review process that failed to consider the totality of the evidence in accordance with applicable law.

32. Given the stark disregard for Plaintiff's relevant evidence, it is clear from the record that an in-depth analysis of Plaintiff's eligibility was not properly conducted. Defendant USCIS and the Texas Service Center failed to appropriately adjudicate Plaintiff's petition for an EB-2 visa with a National Interest Waiver as an expert in FinTech Innovation and AI-Driven Banking Solutions, as demonstrated by their summary dismissal of probative evidence.

### III.     JURISDICTION

33. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under (1) 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* ("APA"), 8 U.S.C. § 1101, *et seq.* ("INA") (including 8 U.S.C. § 1182). This court may grant relief in this action under 5 U.S.C. §§ 553, *et seq.*, and §§ 701, *et seq.*; and 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act).

34. This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252, INA § 242. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 688 (2001) (finding that INA § 242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of the jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder,* 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.,* at 839. *See also, Geneme v. Holder,* 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when a statute does not specify discretion.)

35. 8 U.S.C. § 1252(a)(5), INA § 242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As this is not an action to review a removal order but an action challenging decisions by Defendants to deny Plaintiff's EB-2 I-140 petition, which was arbitrary, capricious, and contrary to law and settled agency practice, this Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201.

### IV.    VENUE

36. Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(b)(1)(2) as this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## V.     PARTIES

37. Plaintiff Alireza Sefidpour ("Plaintiff") is a citizen of Iran. Plaintiff filed his I-140 EB-2/NIW petition on July 1, 2024, with the Texas Service Center of USCIS [Receipt Number: IOE0926558478] seeking an immigrant visa with which to enter the United States and work in his field.

38. Defendant Kristi Noem ("Secretary Noem") is the Secretary of the U.S. Department of Homeland Security ("DHS"), the department under which the U.S. Citizenship and Immigration Services ("USCIS") and its Texas Service Center ("TSC") operate. The DHS is responsible for overseeing its sub-agency USCIS. As such, Secretary Noem has supervisory responsibility over USCIS and the adjudication of immigration-related petitions and applications such as the I-140 EB-2/NIW petition. Secretary Noem is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. This action is brought against her in her official capacity only, as well as her successors and assigns. The DHS is headquartered at 2707 Martin Luther King Jr Avenue SE, Washington, DC 20528.

39. Defendant Kika Scott ("Acting Director Scott") is the Senior Official Performing the Duties of the Director of USCIS, the agency under which the TSC operates. USCIS is responsible for processing immigration and naturalization applications and establishing policies regarding immigration services. As such, Acting Director Scott has

14

supervisory responsibility over all operations of USCIS, which includes TSC and the adjudication of I-140 EB-2/NIW petition. Acting Director Scott is charged with the implementation of the INA and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. This action is brought against her in her official capacity only, as well as her successors and assigns. USCIS is headquartered at 5900 Capital Gateway Drive, Camp Springs, MD 20588.

40. Defendant John M. Allen ("Deputy Director Allen") is the Deputy Associate Director of Adjudications of the Service Center Operations Directorate ("SCOPS") of USCIS. SCOPS oversees all USCIS Service Centers, including the Texas Service Center ("TSC"). Deputy Director Allen is responsible for overseeing the adjudication of immigration petitions at the Texas Service Center, including I-140 EB-2 petitions. Deputy Director Allen is authorized to delegate certain powers and authority to subordinate employees of USCIS. This action is brought against him in his official capacity only, as well as his successors and assigns. TSC is headquartered at 6046 N. Belt Line Road, Irving, TX 75038-0001.

41. Defendant Pam Bondi ("Attorney General Bondi") is the Attorney General of the United States. Attorney General Bondi is charged with certain functions involved in the implementation of the INA and is further authorized to delegate such powers and authority to subordinate employees of the Federal Bureau of Investigation ("FBI"), which is an agency within the U.S. Department of Justice ("DOJ"). This action is brought against her in her official capacity only, as well as her successors and assigns. The DOJ is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

## VI.   EXHAUSTION OF REMEDIES NOT REQUIRED

42. Plaintiff is not required to exhaust any administrative remedies before bringing this complaint. The denial of the I-140 EB-2/NIW petition by Defendant USCIS is a final agency action. There is no statutory or regulatory requirement to appeal to the agency in question. *See, Darby v. Cisneros,* 509 U.S. 137, 146-47, 153 (1993); *RCM Technologies, Inc. v. DHS,* 614 F.Supp.2d 39, 45 (D.D.C. 2009).

### VII.   CAUSE OF ACTION

#### COUNT ONE:

#### Violation of the APA, 5 U.S.C. § 701, *et seq.* by DHS/USCIS

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702.

45. The APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See,* 5 U.S.C. § 706(2)(A).

46. Defendant USCIS's decision to deny Plaintiff's EB-2 I-140 petition was illegal, improper, and is reviewable under 5 U.S.C. § 702.

47. As a result of defendant USCIS's illegal conduct, Plaintiff is "suffering [a] legal wrong because of agency action" and is "adversely affected or aggrieved by [the] agency action," and therefore is entitled to judicial review of the revocation under 5 U.S.C. § 702.

48. Defendants' decision to deny Plaintiff's I-140 petition despite the evidence in the record demonstrating that he met the requirements as a member of the professions holding an advanced degree or as an alien exceptional ability who merits the waiver of the labor

16

certification in the national interest of the United States, is "arbitrary, capricious, an abuse of discretion, [and] otherwise not in accordance with law" and should be "held unlawful and set aside" under 5 U.S.C. § 706(2)(A) and (D).

### COUNT TWO:

### Injunctive Relief for Violation of the Administrative Procedure Act 5 U.S.C. § 705

49. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

50. Pursuant to 5 U.S.C. § 705, this Court may issue all necessary and appropriate processes to postpone the effective date of an agency action or to preserve the status or rights of a plaintiff or plaintiffs pending the conclusion of review proceedings.

### VIII.   INJURIES TO PLAINTIFF

51. Defendants' wrongful denial of Plaintiff's EB-2/NIW I-140 petition is causing him substantial professional, personal, and financial harm. As a result of Defendants' arbitrary, capricious, *ultra vires*, and otherwise unlawful decision to deny his EB-2 I-140/NIW petition, Plaintiff is unable to obtain lawful permanent residence in the United States. Plaintiff is unable to plan for his future, including future employment and professional commitments.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Honorable Court:

(1) Declare that the denial of Plaintiff's EB-2/NIW I-140 is *ultra vires*, erroneous as a matter of law, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process;

17

(2) Issue an order directing Defendants to reopen Plaintiff's EB-2/NIW I-140 petition and issue a decision that is compliant with legal standards governing such petitions;

(3) Issue an order directing Defendants to complete processing of Plaintiff's EB-2/NIW I-140 petition within a reasonable time set by this Court;

(4) Retain jurisdiction over this action to monitor and enforce Defendants' compliance with all orders of this Court;

(5) Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the Equal Access to Justice Act, 42 U.S.C. § 1988, 5 U.S.C. § 504, 28 U.S.C. § 2412 and any other applicable law; and

(6) Grant such other relief as this Court deems proper under the circumstances.

Respectfully submitted on this 14th day of May 2025.

/s/ SANJAY SETHI
_____

By: Sanjay Sethi, Esq.
**Sethi & Mazaheri, LLC**
344 Grove Street, #111
Jersey City, NJ 07302
Tel: (646) 405-9846
Fax: (201) 595-0957
E-mail: sethi@sethimaz.com
*Attorney for Plaintiff*